UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                            :
JOSE DE LA CRUZ,            :
                            :
        Petitioner,         :
                            :   Civil Action No. 13-1650 (ES)
        v.                  :
                            :         **ORDER**
JOHN TSOUKARIS et al.,      :
                            :
        Respondents.        :
_____ :

IT APPEARING THAT:

Petitioner Jose De La Cruz, a pre-removal-order alien detainee, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention.  See D.E. No. 1.  Petitioner claims that he is unlawfully held in custody as a result of Respondents' erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1226(c).[1]

The case law accumulated, at this juncture, at the district court level of this Circuit is inconclusive as to the issue raised by Petitioner.  Compare, e.g., Kerr v. Elwood, No. 12-6330, 2012 U.S. Dist. LEXIS 160250 (D.N.J.

---

[1] Since the only proper respondent to a petition for a writ of habeas corpus is the warden of the facility where the prisoner is being held, see Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004)("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner']"), the Petition will be dismissed as to all Respondents except for the warden.

Nov. 8, 2012); Charles v. Shanahan, No. 12-4160, 2012 U.S. Dist. LEXIS 145072 (D.N.J. Oct. 9, 2012); Kporlor v. Hendricks, No. 12-2755, 2012 U.S. Dist. LEXIS 145387 (D.N.J. Oct. 9, 2012); Campbell v. Elwood, No. 12-4726, 2012 U.S. Dist. LEXIS 139203 (D.N.J. Sept. 27, 2012), with, e.g., Espinoza-Loor v. Holder, No. 12-4160, 2012 U.S. Dist. LEXIS 91307 (D.N.J. July 2, 2012); Diaz v. Muller, No. 11-4029, 2011 U.S. Dist. LEXIS 85971 (D.N.J. Aug. 4, 2011); Desrosiers v. Hendricks, No. 11-4643, 2011 U.S. Dist. LEXIS 154971 (D.N.J. Dec. 30, 2011). Non-frivolous arguments have been offered by both sides. See, e.g., Martinez v. Muller, No. 12-1731, 2012 U.S. Dist. LEXIS 138476, at *16 (D.N.J. Sept. 25, 2012) (granting writ but noting that "the arguments that Respondents have advanced in response to the instant petition are not meritless"); Burns v. Weber, No. 09-5119, 2010 U.S. Dist. LEXIS 3756, at *19 (D.N.J. Jan. 19, 2010) ("The fact that [some courts have] disagreed with the BIA's interpretation of the relevant statute does not render Respondents' position in this matter substantially unjustified."); Hyung Woo Park v. Hendricks, No. 09-4909, 2009 U.S. Dist. LEXIS 106153, at *20 (D.N.J. Nov. 12, 2009) (same).

The case law accumulated at the circuit level suggests that Petitioner's challenges might be without merit. For

instance, while the Court of Appeals for the First Circuit noted, in dictum, that such challenges might merit habeas relief, see Saysana v. Gillen, 590 F.3d 7, 13 (1st Cir. 2009) (observing, albeit in a different context, that "[t]he statutory language embodies the judgment of Congress that such an individual should not be returned to the community pending disposition of his removal proceedings"), but the Court of Appeals for the Fourth Circuit found that the "when the alien is released" language was ambiguous, and held that detention pursuant to § 1226(c) does not require the Government to act immediately upon a criminal alien's release. See Hosh v. Lucero, 680 F.3d 375, 384 (4th Cir. 2012) (concluding "that the BIA's interpretation of § 1226(c) . . . was reasonable, and must be accorded deference").

The Court of Appeals for the Third Circuit is yet to rule on the proper interpretation of the mandatory detention statute. In fact, the issue of how the "when the alien is released" language of § 1226(c) should be interpreted is currently pending before the Third Circuit. See Sylvain v. Holder, U.S.C.A. Index No. 11-3357 (3d Cir. docketed Aug. 31, 2011).[2]

---

[2] Oral arguments in Sylvain v. Holder, U.S.C.A. Index No. 11-3357, were held on March 19, 2013.

Since conclusive appellate guidance as to the issues raised in the Petition appears forthcoming, this Court finds it prudent to stay the proceedings at bar in order to allow Petitioner an opportunity to: (a) assess the Court of Appeals' decision, once it is entered; and (b) amend his Petition in accordance with the holding reached by the Court of Appeals, if Petitioner so elects.

IT IS, therefore on this 2nd day of April, 2013,

ORDERED that the Petition is dismissed as to all Respondents except for Petitioner's warden Orlando Rodriguez; and it is further

ORDERED that the Court's determination as to Petitioner's challenges raised against his warden is reserved; and it is further

ORDERED the Clerk shall stay this matter, subject to reopening upon the Court of Appeals' resolution of the claims presented in Sylvain v. Holder, U.S.C.A. Index No. 11-3357, by entering a new and separate entry on the docket reading, "CIVIL ACTION STAYED;" and it is further

ORDERED that the Clerk shall mark this case ADMINISTRATIVELY TERMINATED.[3] The Court stresses that an

---

[3] The courts agree that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 392 (1st Cir. 1999); see also Mire v. Full Spectrum Lending Inc., 389 F.3d

4

administrative termination is not a dismissal on merits, and this Court does not withdraw its jurisdiction over this matter. See Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 87, n.2 (2000) (citing 9 U.S.C. § 16(b)(1) for the observation that, where a "District Court enter[s] a stay instead of a dismissal in this case, that order" is not a final determination triggering appeal); and it is further

ORDERED that the Clerk shall restore this matter to the Court's active docket within fifteen days from the date of entry of the Court of Appeals' decision in Sylvain v. Holder, U.S.C.A. Index No. 11-3357, and shall serve

---

163, 167 (5th Cir. 2004) ("The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active . . . . That situation is the functional equivalent of a stay, not a dismissal. . . ."). The Court of Appeals also discussed the tool of administrative termination with approval, noting its use for the purposes of effective case management. See Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 126-28 & n.9 (3d Cir. 2004); see also Mercer v. Allegheny Ludlum Corp., 132 F.R.D. 38, 38-39 (W.D. Pa. 1990), aff'd, 931 F.2d 50 (3d Cir. 1991) (same). Moreover, the Third Circuit: (a) suggested that a district court's resort to the tool of administrative termination is indicative of the district's tidy docket management, see Penn, 371 F.3d at 128 (noting that the "Lehman's view of administrative closings has been followed by the Courts of Appeals for the Tenth and Eleventh Circuits" and citing, inter alia, the concurring opinion in Am. Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 715 (5th Cir. 2002), which observed that "administrative closure reflects nothing more than the federal courts' overarching concern with tidy dockets"); and (b) concluded its assessment of the tool with the following unambiguous endorsement: "[administrative termination is] a device that, when used in correct context, enhances a district court's ability to manage its docket." Id. at 118.

Petitioner with a copy of the decision rendered by the Court of Appeals;[4]

ORDERED that Petitioner's motion (D.E. No. 2) is denied without prejudice to renewal in the event Petitioner elects to file an amended pleading upon the Court of Appeals' resolution of the issue at the heart of his Petition; and it is further

ORDERED that the Clerk shall serve this Order upon Petitioner and Respondents by means of electronic delivery.

*s/Esther Salas*
**ESTHER SALAS**
**United States District Judge**

---

[4] Petitioner will be allowed an ample opportunity to amend his Petition by stating his claims, if any, under the guidance provided by the Court of Appeals.