NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JOSE DE LA CRUZ,

    Petitioner,

v.

JOHN TSOUKARIS et al.,

    Respondents.

Civil Action No. 13-1650 (ES)

**OPINION**

On March 18, 2013, Petitioner Jose De La Cruz ("Petitioner"), then a pre-removal-order alien detainee, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention. (D.E. No. 1). Petitioner asserted that he was being unlawfully held in custody as a result of Respondents' erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1226(c).

On April 2, 2013, this Court issued an opinion and order staying this matter in light of Hosh v. Lucero, 680 F.3d 375, 384 (4th Cir. 2012) (concluding "that the BIA's interpretation of § 1226(c) . . . was reasonable, and must be accorded deference"), and analogous prior proceedings in this District finding the challenge fostered by Petitioner without merit. See, e.g., Espinoza-Loor v. Holder, 2012 U.S. Dist. LEXIS 91307 (D.N.J. July 2, 2012); Diaz v. Muller, 2011 U.S. Dist. LEXIS 85971 (D.N.J. Aug. 4, 2011); Desrosiers v. Hendricks, No. 11-4643, 2011 U.S. Dist. LEXIS 154971 (D.N.J. Dec. 30, 2011). Noting that the Court of Appeals for the Third Circuit was about to offer conclusive guidance as to the proper interpretation of § 1226(c) in Sylvain v. Holder,

U.S.C.A. Index No. 11-3357 (3d Cir. docketed Aug. 31, 2011), this Court stayed this matter to allow Petitioner an opportunity to: (a) assess the Court of Appeals' decision, once it was entered; and (b) file an amended § 2241 petition if Petitioner so elected.

On April 22, 2013, the Court of Appeals resolved the issue at bar, holding that, even if 8 U.S.C.S. § 1226(c)(1) called for detention when an alien was released, nothing in the statute suggested that the immigration officials would lose their authority to effectuate the removal proceeding and mandatorily detain the alien if they delayed. See Sylvain v. AG of the United States, -- F.3d --, 2013 U.S. App. LEXIS 7937 (3d Cir. Apr. 22, 2013). The Court of Appeals, therefore, ruled that an alien raising the claim fostered here was not entitled to habeas relief simply because the alien asserted that the immigration officials delayed taking him/her into custody. See id.

Correspondingly, as stated in the Petition, Petitioner's challenge is without merit. However, this Court cannot rule out that Petitioner might have envisioned a claim somewhat different from that resolved in Sylvain or, in the alternative, that Petitioner's circumstances so changed as to provide a basis for an alternative habeas claim. Therefore, the Court will dismiss this matter without prejudice to Petitioner raising his habeas challenges not precluded by Sylvain in a new and separate § 2241 petition.

An appropriate Order follows.

_____
ESTHER SALAS
United States District Judge

Dated: August 9, 2013

2